Patricia A. RAY *v.* Nell PEARCE et al

78-49                                              571 S.W. 2d 419

Opinion delivered September 25, 1978
(Division I)
[Rehearing denied October 30, 1978.]

*H. David Blair,* of *Murphy, Blair, Post & Stroud,* for appellant.

*James C. Johnson,* of *Engeler, Johnson & Sanders,* for appellees.

GEORGE ROSE SMITH, Justice. In 1968 the appellees, Nell Pearce and the John A. Daltons, bought two lots in Findevco Scenic View Subdivision in Baxter county. The subdivider, Findevco Corporation, upon making the sales, should have paid $150 per lot to the appellant, Patricia A. Ray, to obtain a release of the lots from Ms. Ray's blanket mortgage upon the entire subdivision. Findevco Corporation, however, failed to make the payments and obtain the releases. The question now is whether the purchasers are liable to Ms. Ray for $150 per lot, as the chancellor held, or for the entire deficiency judgment of $7,083.46 that resulted from Ms. Ray's subsequent foreclosure of her mortgage.

The chancellor was right. When Ms. Ray sold a 75-acre tract to Findevco Corporation in 1967, the parties contemplated that the land would be platted as a residential subdivision. Findevco executed a $30,000 mortgage on the tract. The parties' contract provided that Findevco could sell lots in the subdivision for not less than $1,000 each and obtain a release of each lot from the mortgage by paying Ms. Ray $150 per lot. Findevco failed to make the $150 payments for the two lots sold to the appellees.

Findevco eventually went into bankruptcy. Ms. Ray foreclosed her mortgage without joining the appellees as defendants in the suit, an omission to which no importance is attached by either side. After the foreclosure proceedings were over, Ms. Ray brought this suit to cancel the appellees' deeds as clouds on her title or to foreclose the lien of her $7,-

083.46 deficiency judgment. The defendants successfully contended that they were liable only for $150 for each lot.

The appellant's position is plainly inequitable, since she seeks to obtain some $7,000 instead of the $300 to which she was entitled under her contract with Findevco. The appellant concedes in her brief that the appellees are entitled to the benefit of any rights under the contract which Findevco Corporation might have asserted. It is argued, however, that Findevco was itself in default and therefore could not have insisted upon performance by the appellant.

This argument disregards the basic principle that a party cannot insist upon the benefits of a contract without at the same time assuming its burdens. That the rule applies despite a breach of contract by the other party was settled by our decision in *Williams Mfg. Co.* v. *Strasberg*, 229 Ark. 321, 314 S.W. 2d 500 (1958). That case is essentially in point and governs this one.

Affirmed.

We agree. HARRIS, C.J., and HOLT and HOWARD, JJ.