Julia STOREY *v.* ARKANSAS BLUE CROSS/BLUE
SHIELD, INC.

CA 85-327                                                    704 S.W.2d 176

Court of Appeals of Arkansas
Division II
Opinion delivered February 19, 1986

*Everett & Whitlock*, by: *John C. Everett*, for appellant.

*Everett A. Martindale*, for appellee.

Tom Glaze, Judge. Appellant, then nineteen years old, was injured on August 8, 1981, in an automobile accident in California. She qualified for medical and hospital benefits under a group health insurance policy her mother had with appellee through the Arkansas Public School Employees Committee. On December 14, 1981, appellant, represented by her attorney-father, settled a tort claim for $39,000.00 against one of the tortfeasors. Appellee filed suit for reimbursement and, based upon a jury verdict, was awarded a judgment of $3,234.00. For reversal, appellant contends that the trial court erred in (1) denying her motions to dismiss and for a directed verdict, (2) allowing testimony regarding the sum of the settlement, (3) excluding photographs taken of appellant following the accident, and (4) allowing into evidence one of appellee's exhibits. We affirm.

On November 23, 1981, appellee made its first payment on behalf of the appellant under the policy. On January 16, 1982, appellee sent an accident questionnaire to appellant's mother. Appellant's father testified that he probably saw the questionnaire and assisted his wife in preparing it. The questionnaire, signed by appellant's mother, was returned to appellee. In response to a question whether she intended to make a claim against the responsible party or his insurance company for damages arising from the injury, appellant's mother answered "no." There was also a question, left unanswered, as to whether an attorney had been retained. Appellee contended that these responses were misleading, and were intended to deter its discovery of the settlement.

In May 1982, appellee learned about the settlement, and in July 1982, it contacted appellant's father, requesting reimbursement. His response was that there indeed had been a settlement with one of the tortfeasors but that there was still a claim that could be made against a second tortfeasor. He suggested that appellee pursue that claim. Appellee declined, and in March 1983, filed its complaint.

In its complaint, appellee contended that, under the insurance contract, it was entitled to reimbursement under the following provision:

> In the event any benefits or services of any kind are furnished to a Member or payment made or credit ex-

tended to or on behalf of any Member for a physical condition or injury caused by a third party or for which a third party may be liable, the Plan shall be subrogated and shall succeed to such Member's rights of recovery against any such third party to the full extent of the value of any such benefits or services furnished or payments made or credits extended. The Member shall, at the Plan's request, take such action, furnish such information and assistance, and execute such documents as the Plan may require to facilitate enforcement of its rights hereunder. In the event of the Member's failure to comply with such request, the plan shall be entitled to withhold benefits, services, payments, or credits due under this contract. The Member shall do nothing after acceptance of benefits hereunder to prejudice the subrogation rights of the Plan.

Appellee also contended that, under Arkansas law, it had subrogation rights.

■ In her motions to dismiss and for a directed verdict, appellant argued that, because she was not a party to the contract between her mother and appellee, she was not bound by its terms. We disagree.

■ It is undisputed that, under the provisions of the policy, appellant was a "member" who was entitled to and, indeed, accepted benefits under the policy which appellee continued to pay until June of 1982. As a member entitled to benefits, appellant would have an action against appellee if it refused to pay her claims, and in fact, appellant did counterclaim against appellee for certain unpaid claims she had made. Appellant's position, however, is that even though she may be bound by some provisions of the contract, for example, the requirement to submit proof of loss, she has no reciprocal duty to comply with the other terms of the contract because of lack of privity of contract. Appellant cites no authority for the proposition she urges, and from our independent research, we know of none.

■ We find the factual issue here is controlled by the rule of law enunciated in *Williams Mfg. Co.* v. *Strasberg*, 229 Ark. 321, 314 S.W.2d 500 (1958), and reiterated in *Ray* v. *Pearce*, 264 Ark. 264, 571 S.W.2d 419 (1978). In these cases, the Arkansas Supreme Court held that a party cannot accept benefits under a

contract, and at the same time, avoid his obligations under such agreement, even in spite of a breach of contract by the other party. Although appellant's attorney correctly points out that *Williams* and *Ray* involve disputes between the contracting parties, we know of no valid reason why the principle should not apply here. Appellant was entitled to the benefits paid by appellee pursuant to its contract with appellant's mother, and upon payment of medical benefits on appellant's behalf, appellee was entitled under the contract provisions to recoup those payments. While appellant had the option to decline any benefits as a member under the contract, she simply chose not to do so.

Appellant's last three points address the trial court's actions in admitting or excluding certain evidence. Appellant contends the trial judge first erred in allowing appellee to present testimony regarding the amount of appellant's settlement with the third party tortfeasor. Once having committed that error, however, she argues the judge further erred when he excluded photographs she offered in an attempt to show the extent of her injuries.

While we tend to agree with appellant that the settlement amount had no relevance concerning appellee's right to reimbursement under the insurance contract, the critical question is whether there was prejudicial error. As the court held in its supplemental opinion in *Jim Halsey Co., Inc. v. Bonar*, 284 Ark. 461, 473-C, 688 S.W.2d 275, 276 (1985), error is no longer presumed to be prejudicial, and based upon appellant's theory of the case and the evidence presented, we fail to see how she was prejudiced. To succeed in its action against appellant, appellee had to prove (1) that its insurance contract with appellant's mother was also binding on appellant, (2) that appellee paid medical bills on behalf of appellant and (3) that appellant settled her claim against the third-party tortfeasor for injuries for which she had received medical payments from appellee. Appellant has never denied that she had settled her claim against the third-party tortfeasor and that claim involved the same injuries for which appellee paid medical benefits on her behalf. In fact, appellant stipulated she settled her claim in an amount in excess of the sum the appellee sought to recover in this cause. In addition, the amount of medical benefits paid by appellee on appellant's behalf—$3,234.05—was undisputed. Thus, appellant's case at trial was premised on the sole legal issue that

appellee had no standing to sue appellant because she was not a party to the insurance contract entered into between her mother and the appellee. Of course, we already have rejected appellant's theory, holding she indeed was liable to appellee once she accepted benefits as a member under the insurance contract. Given the essential facts to which the parties either stipulated or left undisputed, and what we believe was a correct statement of the law, the jury was duty bound to return a verdict, as it did, in the amount of $3,234.05. Thus, regardless of the trial court's ruling concerning appellant's settlement amount and her photographs, we believe the record clearly demonstrates she was not prejudiced on either the issues regarding liability or damages.

■ Finally, appellant urges, again on relevancy grounds, the trial court erred in admitting into evidence the accident questionnaire which had been completed and executed by appellant's mother. She also claims that even if the questionnaire was relevant, the trial court should have excluded it under Rule 403 of the Uniform Rules of Evidence. Once again, appellant's argument is premised upon her earlier contention that appellee had no right of recovery against appellant. In rejecting appellant's argument that she had no obligations under the insurance contract even though she accepted benefits under it, we cannot agree that her mother's actions concerning that contract had no relevancy or were in any way confusing to the jury. We affirm.

Affirmed.

CRACRAFT, C.J., and CORBIN, J., agree.