E. Margrette SMITH (Birchfield) *v*. Bill J. SMITH

CA 92-824                                                    848 S.W.2d 428

Court of Appeals of Arkansas
Division I
Opinion delivered February 17, 1993

*Roberts, Harrell & Lindsey, P.A.*, by: *Allen P. Roberts*, for appellant.

*Compton, Prewett, Thomas & Hickey, P.A.*, by: *Floyd M. Thomas, Jr.*, for appellee.

JOHN B. ROBBINS, Judge. Margrette Smith (Birchfield) appeals from a decree of the Union County Chancery Court denying her petition for enforcement of an alimony provision in the parties' divorce decree. We affirm.

Appellant and appellee, Bill J. Smith, were divorced in August 1989; a property settlement agreement entered into between the parties was incorporated in the decree. In this agreement, appellee agreed to pay the following alimony to appellant:

> Husband agrees to pay Wife the sum of five thousand dollars ($5,000.00) per year for three (3) years and said sum is to be considered alimony. Husband shall make the first payment on March 15, 1990. Subsequent payments, in the amount of five thousand dollars ($5,000.00) each, shall be due and payable on March 15, 1991, and March 15, 1992. Upon the third and final payment on March 15, 1992, Husband shall have fulfilled his alimony obligation.

In April 1990, appellant petitioned to have appellee held in contempt for failure to pay the first installment of alimony and, in the alternative, for an award in that amount. In a counterclaim, appellee petitioned the court to terminate his alimony obligation on the grounds that appellant had obtained the agreement by fraud and had remarried.

Appellant did not dispute that she had remarried and given birth to a baby before the first alimony payment was due. At trial, appellant characterized the alimony payments as her share of the property acquired by the parties during their marriage; she stated that she had agreed to receive the three alimony payments in return for giving a quitclaim deed for her share of the parties' businesses to appellee. She admitted, however, that she had received $28,000.00 in cash and that she was pregnant by another man when the divorce was final.

Appellee testified that he had given appellant $28,000.00 under the terms of the property settlement agreement and that he was not aware at the time of the divorce that his wife was expecting a baby.

In the letter opinion, the chancellor stated:

> Plaintiff seeks a judgment against defendant for unpaid alimony. The agreement provides that defendant will pay plaintiff three $5,000.00 alimony payments. The payments were to be made March 15, 1990, March 15, 1991 and March 15, 1992. No payments have been made.

The evidence at the trial reflects that soon after the divorce plaintiff remarried. A.C.A. 9-12-312(a)(1) provides that unless otherwise ordered by the court or agreed to by the parties alimony ceases upon remarriage of the person to receive the alimony. Plaintiff contends here that the three $5,000.00 payments are not actually alimony but are rather payments she is to receive for division of the property acquired by the parties. To reach that conclusion requires that the agreement itself be disregarded. The agreement clearly states that the payments are alimony. The complaint of plaintiff seeking judgment for $10,000.00 plus interest should be denied.

From the order incorporating these findings and denying appellant's petition, comes this appeal.

Appellant argues that Ark. Code Ann. § 9-12-312(a)(1) (Repl. 1991), relied upon by the chancellor, does not apply in this case. That statute provides:

When a decree is entered, the court shall make such orders concerning the alimony of the wife or the husband and care of the children, if there are any, as are reasonable from the circumstances of the parties and the nature of the case. Unless otherwise ordered by the court or agreed to by the parties, the liability for alimony shall automatically cease upon the date of the remarriage of the person who was awarded the alimony.

On appeal, appellant concedes that this statute was effective prior to the entry of the divorce decree; that the chancellor's characterization of the payments as alimony is correct; and that the property settlement agreement is not ambiguous. Appellant argues that, because the alimony agreement incorporated in the divorce decree has a limited duration, it is one that is "otherwise agreed" to by the parties as provided in the statute and thus did not terminate upon her remarriage. In her brief, appellant states that, "where people agree to three annual installment payments of alimony they have 'agreed' that the alimony will terminate after the third payment." Although appellant concedes that the alimony provision in the decree did not specifically deal with the event of appellant's remarriage, she argues that it "otherwise" provided for termination of her

alimony. Appellant urges this court, without citation to authority, to apply the statute so that, when the duration of alimony payments is left indefinite by the divorce decree or property settlement agreement, remarriage operates to terminate alimony; but, when the duration of such payments is limited, it does not, even though the decree or agreement does not expressly refer to the remarriage of the party awarded alimony. An assignment of error unsupported by convincing argument or authority will not be considered on appeal unless it is apparent, without further research, that the assignment of error is well taken. *General Elec. Supply Co. v. Downtown Church of Christ*, 24 Ark. App. 1, 3, 746 S.W.2d 386, 387 (1988).

■■ Even if we consider appellant's argument on the merits, the only reasonable application of the statute does not support her position. Where the language of a statute is plain and unambiguous, we give the language its plain meaning. *McGee v. Amorel Pub. Schs.*, 309 Ark. 59, 63, 827 S.W.2d 137, 139 (1992). We must determine the meaning of a statute from the natural and obvious import of the language used by the legislature, without resorting to subtle and forced construction for the purpose of limiting or extending the meaning. *City of N. Little Rock v. Montgomery*, 261 Ark. 16, 18, 546 S.W.2d 154, 155 (1977).

■ Here, the agreement does not expressly refer to remarriage on the part of appellant and cannot be interpreted as alluding to that event. The statute clearly requires that remarriage of the person who is awarded the alimony must be specifically mentioned in the decree or agreement if the automatic cessation of liability for alimony is not to occur upon such event. We find no error in the chancellor's decision.

Affirmed.

MAYFIELD, J., agrees.

ROGERS, J., concurs.