Alfred James COUCH *v.* FIRST STATE BANK of Newport

CA 94-711                                         898 S.W.2d 57

Court of Appeals of Arkansas
Division I
Opinion delivered May 10, 1995
[Rehearing denied June 14, 1995.]

*Dover & Dixon, P.A.*, by: *David A. Couch*, for appellant.

*Anderson & Kilpatrick*, by: *Randy Murphy*, for appellee.

JOHN MAUZY PITTMAN, Judge. Appellant Alfred James Couch, Jr. appeals the Arkansas Workers' Compensation Commission's calculation of his temporary total disability benefits, the failure to impose a penalty for untimely payment of interest on permanent partial disability benefits, and the failure to award attorney's fees. We affirm in part and reverse and remand in part.

When reviewing decisions from the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission. We must uphold those findings unless there is no substantial evidence to support them. *Clark* v. *Peabody Testing Service*, 265 Ark. 489, 579 S.W.2d 360 (1979). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Wright* v. *ABC Air, Inc.*, 44 Ark. App. 5, 864 S.W.2d 871 (1993). The issue is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *Bearden Lumber Co.* v. *Bond*, 7 Ark. App. 65, 644 S.W.2d 321 (1983).

The parties agreed that appellant was entitled to 110 days of temporary total disability benefits and that for 60 of those days that he did not work, he received sick pay that he had accu-

mulated as an employment benefit. Appellant's first argument concerns calculation of the 60 days of temporary total disability benefits for which he received sick pay from appellee. The Commission affirmed appellee's payment of $1,620.00 for the 60 days of temporary disability benefits. Appellee calculated the benefits by dividing a weekly wage rate of $189.00 by seven days to arrive at a daily rate of $27.00 and multiplying $27.00 by 60 days. Appellant argues that the correct amount is $2,268.00 calculated by multiplying the weekly wage of $189.00 by twelve weeks, i.e., 60 days based on his five-day work week. In other words, appellant argues that the weekly wage rate should be divided by five rather than seven to arrive at a daily rate. From our review of the abstract, there is no evidence that appellant worked a five-day work week. It is appellant's burden to abstract the record to demonstrate error, and we will not go to the record to determine whether reversible error occurred. *Death & Permanent Total Disability Trust Fund* v. *Whirlpool Corp.*, 39 Ark. App. 62, 837 S.W.2d 293 (1992). Accordingly, we cannot conclude that the calculation of the 60 days of temporary disability benefits is not supported by substantial evidence.

Appellant's second argument concerns appellee's untimely payment of interest accrued on the award of permanent partial disability benefits. Appellant contends that he is entitled to a 20 percent penalty on the owed interest pursuant to Ark. Code Ann. § 11-9-802(c) (1987). That section provides:

> If any installment, payable under the terms of an award, is not paid within fifteen (15) days after it becomes due, there shall be added to such unpaid installment an amount equal to twenty percent (20%) thereof, which shall be paid at the same time as, but in addition to, the installment unless review of the compensation order making the award is had as provided in §§ 11-9-710 -11-9-712.

Appellee argues that "installment" can mean only compensation and does not include accrued interest on compensation. We agree that "installment" for purposes of § 11-9-802(c) includes compensation. *See Model Laundry & Dry Cleaning* v. *Simmons*, 268 Ark. 770, 596 S.W.2d 337 (Ark. App. 1980). In subsections (a) and (b) of § 11-9-802 "installment" is referred to as an "installment of compensation."

We conclude that an "installment" for purposes of § 11-9-802(c) includes interest awarded on compensation benefits. "Compensation" as defined by Ark. Code Ann. § 11-9-102(9) (1987) is "the money allowance payable to the employee or his dependents. . . ." Arkansas Code Annotated § 11-9-809 (1987) provides that accrued and unpaid compensation shall bear interest. When a claimant is entitled to compensation, he may also receive an award of interest from the date the benefits should have been paid. Ark. Code Ann. § 11-9-809 (1987); *see Clemons* v. *Bearden Lumber Company*, 240 Ark. 571, 401 S.W.2d 161 (1966). In *Eureka Log Homes* v. *Mantonya*, 28 Ark. App. 180, 772 S.W.2d 365 (1989), we held that an award of compensation benefits implied an award of interest even though interest was not specifically mentioned in the award. Further, Section 11-9-802(c) speaks of an "installment, payable under the terms of an award." *See Model Laundry, supra,* dissenting opinion (emphasis should be on "award," not on "installment," to determine the amounts to which a penalty applies).[1]

Similarly, several jurisdictions impose a penalty for late payments of interest accrued on compensation awards based on statutory language analogous to our § 11-9-802(c). *Gellie* v. *W.C.A.B.*, 217 Cal. Rptr. 630 (Cal. App. 1985); *Laucirica* v. *W.C.A.B.*, 95 Cal. Rptr. 219 (Cal. App. 1971); *Brazil* v. *School Board of Alachua County*, 408 So. 2d 842 (Fla. App. 1982); *Torres* v. *Eden Roc Hotel*, 238 So.2d 639 (Fla. 1970). We reverse and remand for the Commission to impose a penalty in accordance with § 11-9-802(c) on the untimely payment of interest accrued on appellant's permanent disability benefits.

Appellant also argues that he is entitled to interest on the penalty from the date that the penalty was due until paid. However, appellant failed to raise this argument below, so we

---

[1] In *Model Laundry, supra,* the court held that no penalty could be imposed for untimely payments of medical benefits and attorneys' fees, reasoning that "compensation" as defined in § 11-9-102 includes only amounts payable to the employee. There is no statutory provision that medical benefits and attorneys' fees be paid directly to the employee, and there is no statutory provision for these benefits to be paid in installments. The court stated that "the General Assembly would not have made the penalty applicable only for installments had it intended it to apply to the other payments as well." *Id.*, 268 Ark. at 776.

decline to address it. *Hill* v. *White-Rodgers*, 10 Ark. App. 402, 665 S.W.2d 292 (1984).

Appellant's final argument is that he is entitled to additional attorney's fees under Ark. Code Ann. § 11-9-714 (1987) for appellee's alleged unreasonable delay in resolving the claim. Section 11-9-714 provides only for costs to be awarded in such instances. There is substantial evidence to support the Commission's refusal to award attorney's fees.

Affirmed in part; reversed and remanded in part.

COOPER and ROBBINS, JJ., agree.