Sam DEAN, Jr. *v.* COLONIA UNDERWRITERS INSURANCE COMPANY, State Farm Insurance Company, and Entergy Benefits Plus Medical Plan

CA 94-1420                                    915 S.W.2d 728

Court of Appeals of Arkansas
Division II
Opinion delivered February 21, 1996

*Etoch Law Firm*, by: *Mike J. Etoch*, for appellant.

*Laser, Wilson, Bufford & Watts, P.A.*, by: *Brian Allen*

*Brown* and *Richard N. Watts*, for appellee State Farm Insurance Company.

*Michael G. Thompson* and *Tucker Raney*, for appellee Entergy Benefits Plus Medical Plan.

JAMES R. COOPER, Judge. The appellant, Sam Dean, Jr., appeals a judgment of the Phillips County Circuit Court that awarded the appellees State Farm Insurance Company (State Farm) and Entergy Benefits Plus Plan (Entergy) an equal division of the remaining $16,500.00 settlement paid by appellee Colonia Underwriters Insurance Company (Colonia). For reversal, the appellant argues that: (1) State Farm does not have a right to subrogation under Arkansas law; and (2) Entergy does not have a right to subrogation under its reimbursement agreement. We affirm the award to State Farm and the award to Entergy is affirmed as modified.

In March 1992, the appellant was involved in an automobile accident when Edward Nolan struck appellant while Nolan was attempting to outrun the police. The appellant suffered severe injuries to his spine as a result of the accident, incurred medical bills in excess of $35,000.00, and was determined to be totally disabled by the Social Security Administration and his employer, Entergy. The vehicle Nolan was driving was insured by appellee Colonia. Colonia tendered its $25,000.00 policy limits to the clerk of the court, and the appellant filed a declaratory judgment action, requesting that the court find that appellees State Farm and Entergy were not entitled to any subrogation from these benefits. State Farm answered and claimed it was entitled by statute and its policy language to recover the medical benefits and loss of income payments it had paid to appellant. Entergy answered and counterclaimed, asserting its right of subrogation for medical benefits and disability benefits paid by it. Attached to appellee Entergy's counterclaim was a "Reimbursement Agreement" signed by the appellant that provided:

> In consideration of the receipt from the Aetna Life Insurance Company (hereafter called Aetna) by me, on my behalf or on behalf of any of my covered family members) of benefit payments provided under the employee benefit plan established by my employer, I agree for myself and for any other injured covered family member to whom or

for whom such payments were made, and such family member(s) (or the legally authorized representative if such family member is legally incapacitated) by signing this agreement [appellant] also agree(s) to reimburse Aetna for all such payments in the event of recovery from any third person legally responsible for said injuries, whether by suit, settlement or otherwise, but only to the extent that the net amount of such recovery is attributable to hospital, surgical or other health or medical expenses paid under the plan. I (We) also agree that a lien shall exist in favor of Aetna upon all sums of money recovered in connection with such injuries to the extent of the benefit payments paid under the plan.

In September 1993, appellee State Farm moved for summary judgment. In its motion, State Farm claimed that it had a statutory and contractual right to recover the sum of $12,280.00 paid to appellant under its medical payments and lost income coverages of its policy and that there is no material fact in dispute. Appellee Entergy filed a cross-motion for summary judgment. It contended that there were no material issues of fact in dispute and that it had paid appellant $25,361.00 from its medical plan as a result of appellant's accident, which entitled it to subrogation. In opposition to the appellees' motions for summary judgment, the appellant claimed that he was entitled to the entire $25,000.00 because no medical or lost wages were included in that payment and, therefore, he would not be receiving a double recovery. Attached to the appellant's brief were the affidavits of Gene Raff and Michael Easley, trial attorneys, who each stated that, after reviewing appellees' case, it was their opinion that appellant's damages exceeded $250,000.00.

On March 7, 1994, the court handed down its letter opinion, holding that appellees State Farm and Entergy were entitled to recover in equal proportions from Colonia's settlement less the costs of collection. In a letter written to the appellant's attorney, the court stated:

The Court is of the opinion that it cannot determine what part, if any, of the $25,000.00 paid by Colonia was for medicals and loss of income and what part was for pain and suffering and mental anguish without either a

stipulation by the parties or some sort of evidence from which the Court could make a finding. If the parties will submit either a stipulation or some evidence the Court will make some finding.

An evidentiary hearing was held on June 23, 1994, at which time exhibits were presented to the court that showed the amounts paid by appellees State Farm and Entergy on the appellant's behalf and also itemized the appellant's medical bills and lost wages.

A final order was entered by the court on October 6, 1994. In that order, the court found that $16,500.00 remained of Colonia's $25,000.00 payment after deduction for court costs and attorney's fees. The court then concluded: "The remaining $16,500.00, although allocated one-third for medical, one-third for loss of earnings, and one-third for pain and suffering and bodily injury, is to be divided equally between State Farm Insurance and Entergy Benefit Plus Plan."

The appellant first contends that the trial court erred in finding that State Farm has a right of subrogation under Arkansas law. Although the appellant acknowledges in his brief that "[i]t is uncontested that the State Farm policy contains a reimbursement agreement should Sam Dean, Jr., recover from a third party which he did," he nevertheless, contends that, since he has not been made whole as a result of this settlement nor has he been reimbursed for any medical payments or loss of earnings by the settlement, State Farm is not entitled to be reimbursed for the medical or lost earnings it paid to him.

We note that the trial court apportioned the $16,500.00 net recovery to one-third medical benefits, one-third loss of earnings, and one-third pain and suffering and bodily injury. Therefore, appellant's statement that the Colonia settlement did not include any reimbursement for medical payment or lost earnings is incorrect.

In his brief, the appellant states that his pain and suffering far exceeds the $25,000.00 recovery and should be paid first before any part is allocated for medical benefits and loss of earnings. However, he has not cited any authority for this proposition. An assignment of error unsupported by convincing

argument or authority will not be considered on appeal unless it is apparent, without further research, that the assignment of error is well taken. *Smith* v. *Smith*, 41 Ark. App. 29, 32, 848 S.W.2d 428 (1993); *General Elec. Supply Co.* v. *Downtown Church of Christ*, 24 Ark. App. 1, 3, 746 S.W.2d 386 (1988). Furthermore, the appellant has not abstracted any evidence to show the trial court's allocation of his recovery is clearly against the preponderance of the evidence. The appellant claims that the affidavits attached to his brief in response to appellees' summary judgment motions state that, in the affiants' opinions, the $25,000.00 should not include reimbursement for medical benefits or lost wages. However, he has not included these portions of the affidavits in his abstract. It is the appellant's burden to abstract the record to demonstrate error, and the appellate court will not go to the record to determine whether reversible error occurred. *Couch* v. *First State Bank*, 49 Ark. App. 102, 104, 898 S.W.2d 57 (1995).

■ On this record, we cannot say that the appellant has come forward with any evidence to show the allocation by the court is clearly erroneous.

■ The appellant correctly contends that he has not been made whole as a result of his recovery against Colonia. Nevertheless, State Farm is still entitled to pursue its subrogation claim. The State Farm policy provides: "We are subrogated to the extent of our payment to the proceeds of any settlement the insured person recovers from any party liable for the bodily injury." The clear language of this agreement does not restrict State Farm's subrogation rights only in the event appellant recovers medical benefits or lost wages. Nor does Ark. Code Ann. § 23-89-207 (Repl. 1992) contain such a restriction. Subsection (a) of this section provides: "Whenever a recipient of § 23-89-202(1) and (2) benefits recovers in tort for injury, either by settlement or judgment, the insurer paying the benefits has a right of reimbursement and credit out of the tort recovery or settlement, less the cost of collection as defined." No restrictions have been placed on this statutory language, which has been in effect since its passage in 1973. It is uncontested that State Farm's payments to appellant of medical benefits and lost wages were pursuant to Section 23-89-202.

An argument similar to the appellant's was made by the appellant in *Higginbotham* v. *Arkansas Blue Cross and Blue Shield*, 312 Ark. 199, 849 S.W.2d 464 (1993). In that case, the appellant was seriously injured in an automobile accident. The other driver was insured by State Farm, and State Farm paid the appellant its policy limits of $25,000.00 in return for a release executed by the appellant. The appellee, who carried medical insurance on the appellant, paid his medical bills totalling $11,482.08 and subsequently made demand on the appellant for reimbursement of the benefits it had paid, relying on the subrogation clause in its insurance policy: "The plan shall be subrogated and shall succeed to such covered person's right of recovery against any third party to the full extent of the value of any such benefits or services furnished or payments made or credits extended." 312 Ark. at 200. The appellant, however, refused the appellee's demand, asserting that the appellee was not entitled to subrogation until the appellant had received sufficient sums of money to be "made whole." Although the trial court found that the $25,000.00 did not fully compensate the appellant for his injuries, it held that the right of subrogation provided in the insurance contract applies regardless of whether the covered individual is fully compensated in his settlement with the tortfeasor's insurance company. In affirming the trial court's decision, the Supreme Court held:

> Although we attribute considerable merit to the opposing approach, we believe on balance the policy language must govern. The clause is clear; the words are unambiguous:
>
>> In the event *any benefits* or services *of any kind* are furnished to you or payment made or credit extended to or on behalf of any covered person for a physical condition or *injury caused by a third party or* for which a third party may be liable, the Plan *shall be subrogated* and shall succeed to such covered person's rights of recovery against any such third party *to the full extent of the value of any such benefits* or services furnished or payments made or credits extended. [Our emphasis.]
>
> We are not overlooking our own case, *Shelter*

*Mutual Insurance Company* v. *Bough*, 310 Ark. 21, 834 S.W.2d 637 (1992), decided after these briefs were filed but discussed in oral argument. The decision contains this comment:

> Although we have no criticism of the cases cited by Bough, the rule limiting the insurer's rights to subrogation in those cases is not applicable to the facts here. The equitable nature of subrogation is granted an insurer to prevent the insured from receiving a double recovery. Thus, while the general rule is that an insurer is not entitled to subrogation unless the insured has been made whole for his loss, the insurer should not be precluded from employing its right of subrogation when the insured has been fully compensated and is in a position where the insured will recover twice for some of his or her damages. That is the situation here.

> But the fact remains that we have not previously addressed the issue here presented, nor were we doing so in *Bough*. The primary holding of that case concerned whether Shelter had properly made underinsured motorist benefits available to its insureds, Nancy and Robert King, whose vehicle Bough was driving when the loss occurred. A secondary issue was whether Shelter was prejudiced by Bough's full release of the third party tort-feasor and his carrier without notice to Shelter. Thus, the excerpt from Bough was dictum.

> It may be those equitable principles on which Higginbotham relies are appropriate to the doctrine of subrogation by operation of law, a right broadly recognized in the law irrespective of whether there is a provision in the policy itself, but not where, as here, the right is one of conventional subrogation, that is, subrogation by express agreement between the insured and the insurer. *See* 44 Am. Jur. 2d *Insurance* at 783 (1982).

*Higginbotham* v. *Arkansas Blue Cross and Blue Shield*, 312 Ark. at 202-03.

■ The appellant argues in the case at bar that the deci-

sion in *Higginbotham* should not be applied because that case was a 4-3 decision and Justice Brown concurred in that decision, stating:

> Based on the record before us, it is impossible to tell what State Farm's liability benefit of $25,000 involved. Presumably it was liability coverage for bodily injury only. Blue Cross should only recover by subrogation to the extent that there has been double recovery by the insured for the same damages covered by Blue Cross. Had the appellant shown that part of the State Farm benefits were for damages other than for medical treatment, I would disallow subrogation for the non-medical portion of the benefits paid for public policy reasons. However, that was not done, perhaps because the parties understood that the liability coverage only went to bodily injury. For that reason I concur with the opinion.

312 Ark. at 204. The appellant again argues that State Farm is not entitled to subrogation out of any of the recovery because he was not reimbursed for medicals or loss of earnings out of the $25,000.00 settlement. However, as we previously stated, the appellant's assertion of facts is clearly contrary to the trial court's order that allocated one-third of the recovery to medical benefits and one-third to loss of earnings. Furthermore, we are without authority to overrule decisions made by the Supreme Court. *See Roark* v. *State*, 46 Ark. App. 49, 55, 876 S.W.2d 596 (1994); *Leach* v. *State*, 38 Ark. App. 117, 130, 831 S.W.2d 615 (1992); *Huckabee* v. *State*, 30 Ark. App. 82, 86, 785 S.W.2d 223 (1990).

█ Next, the appellant argues that Entergy does not have a right to subrogation under its reimbursement agreement. In support of his argument, the appellant relies on the Reimbursement Agreement drafted by Entergy and signed by the appellant, which states:

> [B]y signing this agreement, [appellant] also agree(s) to reimburse Aetna for all such payments in the event of recovery from suit, settlement or otherwise, but only to the extent that the net amount of such recovery is attributable to hospital, surgical or other health or medical expenses paid under the plan.

The appellant argues that the clear language of the Reimbursement Agreement provides that Entergy can only recover out of third-party benefits to the extent that the net amount of the recovery is attributable to health or medical expenses under the plan. We agree. In this case, the trial court allocated $5,500.00 of the recovery as medical benefits. Therefore, under the clear language of the Reimbursement Agreement, the trial court erred in allowing Entergy to share equally in the $5,500.00 award for loss of wages and the $5,500.00 award for pain and suffering and bodily injury.

Appellee Entergy tendered two arguments in response to the appellant's argument; however, Entergy's first response was stricken by this court on May 3, 1995, and Entergy has not challenged that ruling. The appellee's second argument is that, under Arkansas law, it has a right to subrogation under its plan. Entergy then cites the case of *Storey* v. *Arkansas Blue Cross/Blue Shield, Inc.*, 17 Ark. App. 112, 114-15, 704 S.W.2d 176 (1986), for the proposition that a party cannot accept the benefits under a contract and, at the same time, avoid his obligations under such agreement. Entergy argues that, because the appellant accepted the benefits under its medical plan, he must now reimburse Entergy according to the obligation.

While we agree that Entergy is entitled to a subrogation in accordance with the clear language of its plan, the subrogation clause in its plan is fairly restrictive. It provides:

> If a member or a covered dependent is injured as a result of actions of a third party, the plan shall be entitled to recover all benefits paid hereunder *for expenses incurred in the treatment of such injury* from the member or covered dependent upon the settlement of any claim against a third party or upon a judgment in favor of the member or covered dependent in case of a lawsuit.

Although the specific language of this plan entitles Entergy to be subrogated for the medical payments it paid on behalf of the appellant, we do not think this language would allow Entergy reimbursement for the disability benefits it paid appellant or allow it to seek reimbursement from the lost wages or pain and suffering award. Moreover, the specific language of the Reimbursement Agreement executed by the parties in July 1992 over-

rides the general provision in the plan. Because the trial court found that only $5,500.00 of the Colonia benefits were for medical payments, the $8,250.00 award to Entergy must be reversed.

■ Entergy has not cross-appealed its award of only half of the $5,500.00 medical benefits nor claimed it was entitled to a larger portion. Therefore, we order that the $8,250.00 award to Entergy be modified and reduced to $2,750.00, which is one-half of the medical benefits that appellant received from Colonia. This Court has the power to divide two causes of action in a circuit judgment, so long as it is not dividing a single jury verdict. *Crookham & Vessels, Inc.* v. *Larry Moyer Trucking, Inc.*, 16 Ark. App. 214, 218-19, 699 S.W.2d 414 (1985).

Affirmed as modified.

STROUD and GRIFFEN, JJ., agree.