W.D. *v.* STATE of Arkansas

CA 95-980                                                931 S.W.2d 790

Court of Appeals of Arkansas
Division I
Opinion delivered October 16, 1996

*Jo Ellen Carson*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Special Judge. The appellant appeals from the judgment of the Juvenile Division of the Sebastian County Chancery Court adjudicating him a delinquent for committing the crime of rape and committing him to the Department of Human Services, Division of Youth Services. On appeal, he argues that the trial court erred in denying his directed verdict motions. We affirm.

■ A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Durham* v. *State*, 320 Ark. 689, 899 S.W.2d 470 (1995). In reviewing the sufficiency of the evidence on appeal, we view the evidence in the light most favorable to the State and affirm if the verdict is supported by substantial evidence. *LaRue* v. *State*, 34 Ark. App. 131, 806 S.W.2d 35 (1991). Substantial evidence is evidence which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without resort to speculation or conjecture. *Kendrick* v. *State*, 37 Ark. App. 95, 823 S.W.2d 931 (1992).

The appellant argues that the evidence is insufficient to establish forcible compulsion pursuant to Arkansas Code Annotated § 5-

14-103(a)(1) (1995). He also argues, in the alternative, that he is not guilty of committing rape by engaging in sexual intercourse with a person less than fourteen years of age because the age of the victim was within two years of the appellant's age. *See* Ark. Code Ann. § 5-14-103(a)(3).

The appellant, who was twelve years old at the time of the offense, was convicted of raping a ten-year-old girl. Dr. Merle Edward McClain, a pediatrician, examined the victim approximately one month after the incident. Dr. McClain testified that the victim stated that her brothers let the appellant into their house on the night in question and that the appellant later "got on top of her and put his thing" into her pudendum. The doctor testified that the victim complained of constipation and explained that it was not unusual for a child who had been sexually molested to complain of abdominal pain.

The victim testified that the appellant was friendly with her brothers. She testified that the appellant came into their house through a window in the bedroom in which she was sleeping with her brother, Tyrus. She testified that she was awakened at one point during the night to find that the appellant had taken off her clothes. She then felt something "going into" her. She testified that "at first he would not let me up. He just kept on doing what he was doing. Then he stopped and I hurried up and got up." The victim spent the rest of the night in another room.

The victim's brother, Tyrus, testified that the appellant was present in the bedroom on the night in question. He testified that when he awoke the next morning, the appellant was sleeping next to him where his sister had previously been sleeping. Jennifer Campbell, the mother of the victim, testified that the victim began complaining of stomach aches. She stated that the victim subsequently told her that the appellant had raped her.

■ We do not address the appellant's argument regarding forcible compulsion because we find the evidence sufficient to sustain his conviction under § 5-14-103(a)(3), which provides:

> (a) A person commits rape if he engages in sexual intercourse or deviate sexual activity with another person:
>
> . . .
>
> (3) Who is less than fourteen (14) years of age. It is an

affirmative defense to prosecution under this subdivision that the actor was not more than two (2) years older than the victim.

The appellant contends that he is not guilty of committing rape under this section because the age of the victim was within two years of his age. The appellant presented evidence that he was two years, four months, and one day older than the victim on the date of the offense. The trial court concluded that the affirmative defense was not applicable because the appellant was over two years older than the victim. The appellant argues that the two-year statutory language should be two years including any months and days which follow the two-year anniversary up to the three-year anniversary year.

In *State v. Joshua*, 307 Ark. 79, 818 S.W.2d 249 (1991), overruled on other grounds in *Kelly v. Kelly*, 310 Ark. 244, 835 S.W.2d 869 (1992), our Supreme Court held that "12 years of age or younger" as used in Arkansas Code Annotated § 5-13-202(a)(4)(C) defining second degree battery refers to persons whose age is less than or under 12 years as well as persons who have reached and passed their twelfth birthday but have not yet reached their thirteenth birthday. The Court, in *Joshua*, agreed with the following reasoning set out in *State v. Carlson*, 223 Neb. 874, 394 N.W.2d 669 (1986):

> If "less than fourteen years of age" or "under fourteen years of age" had been used in [the statute], the protection of that statute would terminate when a child reached the 14th birthday. Because "less than" or "under" is absent from [the statute], while fourteen years of age or younger" appears in the statute, the compelled logical conclusion is that the statute's protection extends into and throughout the year immediately following a person's 14th birthday. When the plain and unambiguous language of [the statute] is considered, to the ordinary person "fourteen years of age" means that one has passed the 14th birthday but has not reached the 15th birthday. Thus, "fourteen years of age" is a temporal condition existing on the 14th birthday and continuing until the 15th birthday. Any other construction of "fourteen years of age" would be a perversion of popular parlance.

(Citations omitted.)

When the language of a statute is plain and unambiguous, the language is given its plain and ordinary meaning. *Smith* v. *Smith*, 41 Ark. App. 29, 848 S.W.2d 428 (1993). Unlike the statutory language in *Joshua* or *Carlson*, the plain wording of § 5-14-103(a)(3) uses the limiting language of "not more than" so that any months or days beyond twenty-four months takes the defendant out of the affirmative-defense period. Thus, because the appellant was more than two years older than the victim, he could not avail himself of the affirmative defense. Therefore, we hold that the evidence is sufficient to show that the appellant committed the crime of rape by engaging in sexual intercourse with another person who was less than fourteen years of age.

Affirmed.

NEAL and GRIFFEN, JJ., agree.