The Honorable Shane Broadway State Representative 201 S.E. 2nd Street Bryant, Arkansas 72022-4025
Dear Representative Broadway:
You have requested an Attorney General opinion concerning police pension benefits.
Your questions arise out of a situation involving one of your constituents, whose correspondence you have attached to your opinion request. In this correspondence, your constituent states that she has gone before the Arkansas Police and Fire Pension Review Board in order to request the board's assistance in obtaining a benefit increase for her son. The constituent states that the Little Rock Police Pension Board has recently granted two increases for retirees, spouses, and members on their DROP program, but has taken the position that children should not be included in the increase. The constituent further indicates her belief that there are two different pension funds for the Little Rock Police Department, and that children receiving pension benefits from one of those funds are paid at a much higher rate than children who receive benefits from the other fund. She indicates that this lower paying fund is the one from which her son is receiving benefits. The constituent specifically states that her son is receiving $125.00 per month, whereas children receiving benefits from the other fund are receiving $600.00 per month. She has requested clarification as to what benefits her son is entitled to receive.
The following specific questions have been presented:
 (1) What benefits are available to children under the provisions of A.C.A. § 24-11-425?
 (2) If no spouse is receiving any pension benefits (due to divorce), is the surviving child entitled to receive the full one-half salary of the deceased member?
 (3) Are children entitled to receive all benefits increases voted on by the Little Rock Police Pension Board for retirees, spouses, and members on DROP?
RESPONSE
I must note as an initial matter that I am unable to opine as to the specific benefits that any individual is entitled to receive. A myriad of particular facts can impact the amount of benefits to which any given individual is entitled. For example, it is my understanding that the City of Little Rock pays benefits to the survivors of members who were killed in the line of duty. These benefits are separate from (and in addition to) any benefits paid from the local pension fund. The beneficiaries who receive such payments would clearly be receiving a different amount of benefits than an individual who is being paid only out of the pension fund. (In this regard, I also note that the Little Rock Pension Board has indicated to me that it has only one fund from which it pays benefits.)
Because of the many possible variations in the facts of the individual cases, each case must be determined on the basis of its specific facts. The Attorney General is not authorized to engage in this type of determination. I therefore cannot state as a matter of law whether it is appropriate for your constituent's child to receive $125.00 per month, or for the other children who were referenced to receive $600.00 per month.[1]
Nevertheless, to the extent that your constituent has presented more general questions of law, I will proceed to respond.
Question 1 — What benefits are available to children under the provisionsof A.C.A. § 24-11-425?
It is my opinion that under the plain language of A.C.A. § 24-11-425, the children of deceased members are entitled to receive a minimum benefit of $125.00 per month. The provisions of A.C.A. § 24-11-425 set forth the benefits to be paid to survivors in the event of the death of the member from any cause. The part of A.C.A. § 24-11-425 that deals with benefits for surviving children states:
 (e) In addition to the monthly pension provided in subsections (a) and (b) of this section [which deal with payments to surviving spouses and dependent parents], the board of trustees shall order and direct the payment of the sum of one hundred twenty-five dollars ($125) per month to each child under eighteen (18) years of age who has not completed high school. However, if the child enrolls in an institution of higher learning after completing high school, the payment shall continue as long as the child is a full-time student, but in no instance beyond the child's twenty-third birthday.
A.C.A. § 24-11-425(e).
In addition to the amount authorized by the above-quoted section, the board is authorized to vote an increase in benefits. See A.C.A. §24-11-102.
The language of these statutes is unambiguous. The Arkansas Supreme Court has held that in the absence of an ambiguity, statutory language should be interpreted just as it reads. Leathers v. Cotton, 332 Ark. 49, ___ S.W.2d ___ (1998). When I apply this rule of statutory interpretation to the provisions of A.C.A. § 24-11-425 and A.C.A. § 24-11-102, I must conclude that the children of deceased members of local police pension funds are entitled to receive $125.00 per month, plus any increase that has been properly approved by the local board.
Question 2 — If no spouse is receiving any benefits (due to divorce), isthe surviving child entitled to receive the full one-half salary of thedeceased member?
It is my opinion that if no spouse is receiving any benefits, the surviving child is not automatically entitled to receive the full one-half salary of the deceased member.
This question appears to be based upon the incorrect presumption that the surviving spouse is automatically entitled to receive one-half the salary of the deceased member. It is my opinion that the spouse is not automatically entitled to receive this amount.
The reference to the one-half salary appears in A.C.A. § 24-11-425(f), which states:
 (f) The sum total of the pension to be paid the surviving spouse or the qualifying child of the deceased police officer shall not exceed one-half (1/2) of the salary attached to the rank the police officer held at the time of his death.
A.C.A. § 24-11-425(f).
I interpret the above-quoted provision as doing nothing more than stating a limitation on the increases that can be granted over and above the benefit amounts that are prescribed in the previous sections of A.C.A. §24-11-425. An interpretation of this section under which it is read to grant either the spouse or the child an automatic entitlement to one-half of the deceased member's salary would render the specific benefits provisions meaningless. The Arkansas Supreme Court has held that statutes should be interpreted so that effect can be given to all parts. See ACW,Inc. v. Weiss, 329 Ark. 302, 947 S.W.2d 770 (1997). For this reason, I believe that A.C.A. § 24-11-425(f) should be read merely as stating a limitation on increases.
Under this reading, surviving children can receive $125.00 per month, and that amount can be increased by the board, but it cannot be increased so as to exceed one-half the salary of the deceased member. It is my opinion that A.C.A. § 24-11-425(f) does not grant the surviving child or the surviving spouse an automatic entitlement to one-half the salary of the deceased member.
Your question also appears to envision a scenario in which surviving children are entitled to receive the share of benefits that would otherwise go to a surviving spouse who, for whatever reason, is not receiving that share. The statutes make no provision for such a distribution of benefits. If a statute's language is unambiguous, the courts will not read into the statutes a provision that is not stated, for the purpose of extending its meaning. Burcham v. City of Van Buren,330 Ark. 451, 954 S.W.2d 266 (1998); Smith v. Smith, 41 Ark. App. 29,848 S.W.2d 428 (1993); Townsend v. State, 292 Ark. 157, 728 S.W.2d 516
(1987); Thompson v. Younts, 282 Ark. 524, 669 S.W.2d 471 (1984). Moreover, it is my understanding that the Little Rock Police Pension Board has never interpreted A.C.A. § 24-11-425 so as to allow children to receive the share of benefits that would otherwise go to a surviving spouse in situations where no surviving spouse is receiving those benefits. The interpretation given to a statute by an administrative agency that is charged with its implementation will not be overturned unless it is clearly wrong. Ark. State Medical Bd. v. Bolding,324 Ark. 238, 920 S.W.2d 825 (1996).
Accordingly, I conclude that if no spouse is receiving any benefits (due to divorce), the surviving child is not entitled to receive the amount that spouse would otherwise have received, nor is the child automatically entitled to receive one-half the salary of the deceased member.
Question 3 — Are children entitled to receive all benefits increasesvoted on by the Little Rock Police Pension Board for retirees, spouses,and members on DROP?
I am unable to answer this question. In order to determine the scope and effect of any particular benefit increase granted by the board, it would be necessary to examine the resolution and other records reflecting the intent of the board with regard to that increase. Such an examination is outside the scope of the Attorney General's functions. I will note, however, that it is conceivable that the board could vote to grant a benefit increase to some classes of beneficiaries and not to others. Such action by the board would not be prohibited by the provisions of A.C.A. § 24-11-102, which sets forth the requirements for the grant of a benefit increase.[2]
I reiterate, however, that I am unable to evaluate any particular benefit increases that have been granted by the Little Rock Police Pension Board, or whether any particular individual is entitled to receive an increase as a result of those actions by the board.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
[1] I have been provided with no information as to how the $600.00 payment is calculated.
[2] However, I have previously opined that the board cannot vote to grant a benefit increase to DROP participants only. See Op. Att'y Gen. No. 97-435.