CLEMONS *v.* BEARDEN LUMBER Co.

5-3822                                    401 S. W. 2d 16

Opinion delivered April 4, 1966

*McMath, Leatherman, Woods & Youngdahl* and *Silas H. Brewer, Jr.,* for appellant.

*Mahony & Yocum,* for appellee.

GEORGE ROSE SMITH, Justice. This is a claim for death benefits under the workmen's compensation law. The principal question remaining in the case is the extent to which the employer and its insurance carrier are liable for interest upon installments that accrued, but remained unpaid, while the merits of the claim were in litigation. The Commission held that the claimants were not entitled to interest prior to the date of the first decision in their favor. That holding was affirmed by the circuit court.

Barney Clemons, the employee, was killed more than five years ago, on March 21, 1961. Almost a year later, on March 16, 1962, the referee, Robert E. Diles, denied the claim on the ground that the decedent had been an independent contractor. Diles's decision was upheld by the Commission and by the circuit court, but we found no substantial evidence to sustain that view and remanded the case for further proceedings. *Clemons* v. *Bearden Lbr. Co.*, 236 Ark. 636, 370 S. W. 2d 47 (1963). Thereafter, on February 10, 1964, a second referee, J. R. Calhoun, allowed the claim for death benefits. The question now is whether interest is allowable from the date of the first referee's decision or, as the Commission held, from the date of the second referee's decision.

As a preliminary matter the appellees contend that the appellants failed to raise the question at issue in a timely manner. On June 24, 1964, the full Commission upheld Referee Calhoun's finding that Clemons's death was compensable. The insurance carrier then decided to admit liability and, more than a month later, on July 25, tendered checks for what it asserts to have been the full amounts that were owed to the claimants and their attorneys. Counsel for the claimants, on August 17, notified the Commission that the carrier's computations of interest and attorney's fees were objected to. The Commission heard the objections upon their merits and denied the claim for additional interest and attorney's fees.

The appellees now insist that the demand for additional interest should have been made within thirty days after June 24, 1964—the date on which the full Commission affirmed the referee's decision. It is contended that the Commission's decision became final when the claimants failed to appeal to the circuit court within thirty days. Ark. Stat. Ann. § 81-1325 (b) (Repl. 1960).

This argument is without merit. The Commission's opinion of June 24 made no reference whatever to interest, for its allowability was not then in issue. The claimants could not have appealed to the circuit court for a review of a question not yet decided. It was not until more than thirty days later, after the time for appeal had expired, that the claimants learned from the insurer's tender of payment that what they regarded as the full amount of interest was not being offered. A timely protest was made. It was decided on its merits by the Commission. That body is not bound by technical or formal rules of procedure. Ark. Stat. Ann. § 81-1327. We are unwilling to say that the claimants' right of review was lost before their grievance even came into existence.

Upon the principal question the appellants rely upon a number of decisions holding that interest is payable upon installments of compensation from the date upon which each installment *should* have been paid, even though a delay in payment resulted from an erroneous denial of the claim by an administrative or judicial tribunal. *Parker* v. *Brinson Const. Co.,* 78 So. 2d 873 (Fla. 1955); *Wilson* v. *Doehler-Jarvis Division of Nat.* Lead Co., 358 Mich. 510, 100 N. W. 2d 226 (1960), overruling an earlier decision to the contrary; *Bourdeaux* v. *Gilbert Motor Co.,* 220 Minn. 538, 20 N. W. 2d 393 (1945); *Goodnite* v. *Farm Equipment Co.,* 234 Miss. 342, 106 So. 2d 383 (1958). We need not discuss these decisions in detail. Their holding is demonstrably fair, undeniably just, in that the workman or his dependents would have received compensation promptly if their

claims had been recognized in the first instance. The rule is not unfair to the insurance carrier, for otherwise it would receive an undeserved profit by having the continued use of money that should rightfully have been paid to the workman or his dependents.

The cases cited are not precisely in point, for they all involved compensation acts that were silent with respect to the allowance of interest. The original Arkansas law, Act 319 of 1939, was similarly silent. Under that act our Commission, without the benefit of the later cases cited above, refused to allow interest upon controverted claims. Streepey's Digest of the Decisions of the Ark. W. C. C., Vol. 2, p. 257. The question never reached this court.

Our first provision for an allowance of interest was contained in § 19 of Initiated Measure No. 4 of 1948, which extensively amended the compensation law. Ark. Acts of 1949, p. 1420. That amendment provided that compensation should not bear interest until a judgment therefor had been obtained in the circuit court. Even this restricted allowance was a liberalization of the Commission's decisions.

The law was again broadened in 1959, when Act 167 amended § 19 (g) of the compensation law to read as it does now: "Compensation shall bear interest at the legal rate from the day an award is made by either a Referee or the full Workmen's Compensation Commission, on all accrued and unpaid compensation." Ark. Stat. Ann. § 81-1319 (g). The decisive issue is that of determining what is meant by the statutory reference to "an award."

The appellees insist that the legislature used "an award" to mean a decision favorable to the claimant, affirmatively granting benefits under the act. We fully appreciate the force of this contention, buttressed as it is by the fact that when an insurer contests a claim it is not in default in making payment until it is ordered

to do so by someone—a referee, or the Commission, or a court.

On the other hand, the appellees' construction of the 1959 amendment leaves certain omissions in the statute that could be filled only by judicial interpretation. When, for example, would interest begin to run if the claim were allowed by the referee, denied by the Commission, and allowed by the courts? What would be the situation if the referee approved the claim only in part and a higher tribunal then increased the award? The statute, as interpreted by the appellees, provides no clue to the solution of such problems.

The appellants insist that the legislature intended for "an award" to be any deicision by a referee or the Commission, whether favorable to the claimant or not. There is much authority for this view. Leading law dictionaries limit the definition of "award" to a decision or determination by arbitrators or commissioners. Black's Law Dictionary (4th ed. 1951); Bouvier's Law Dictionary (8th ed. 1914). The word is so used at times in our compensation act. For instance, the statute provides that the "award" of a referee or single commissioner shall be filed with the record, that a copy of the "award" shall be sent to the parties, and that an application for a review by the full Commission must be made within thirty days from receipt of the "award." § 81-1323 (b). All these references unquestionably mean the referee's decision, whatever it may be. We, too, have called a decision denying compensation an "award." *Birchett* v. *Tuf-Nut Garment Mfg. Co.,* 205 Ark. 483, 169 S. W. 2d 574 (1943).

Thus we have a situation—not an uncommon one— in which a statute is open to conflicting interpretations, doubtless because its draftsman did not foresee the questions that would have to be answered.

In this instance our task is lightened by our familiar rule, repeated too often to need citation of authority,

that the compensation act is to be construed liberally in favor of the workman. We therefore hold that interest upon accrued and unpaid installments of compensation is to be computed from the dates when they should have been paid, beginning, however, not earlier than the date on which a referee or the full Commission first enters an award allowing or denying the claim. This rule has the merit of simplicity, fixing the rights of all concerned with certainty. It has the far more important merit of fairness, providing the claimant with some measure of redress for the fact that the payment of his just claim has been delayed, through no fault of his, for months or even, as in the case at bar, for years. Morever, this construction of the statute treats delinquent payments with the same justice that applies to advance payments, which must be discounted to their present value. § 81-1319 (k).

Two other matters should be mentioned. First, the appellees contend that in no event should interest upon compensation be taken into account in the determination of attorney's fees. Under the statute such fees may be allowed by the Commission up to certain specified percentages of the compensation controverted and awarded. § 81-1332. We have held that an allowance of attorney's fees may be based upon amounts paid for medical and hospital expense. *Ragon* v. *Great American Ind. Co.*, 224 Ark. 387, 273 S. W. 2d 524 (1954). There is no reason why a recovery of interest should not be governed by the same rule. Indeed, upon the present appeal the amount of interest is the only matter in dispute. Since the Commission's order in this case allowed ''maximum attorney's fees,'' the basis for the computation should include the interest.

Secondly, this case has been in litigation for more than five years. Delays have been numerous. For example, the transcript in the present phase of the case was filed in the circuit court in December, 1964, but that court's decision, based only upon a simple record, was not announced until the following July.

The statute provides that compensation appeals to the circuit court or to this court "shall have precedence over all other civil cases except election contests." § 81-1325 (b). This directive is a valuable safeguard to the rights of the injured workman and his family. It must not be disregarded. Needless to say, there are equally strong reasons for promptness of action in the procedure followed by the Commission and its referees.

Reversed.

HARRIS, C. J., dissents.

CARLETON HARRIS, Chief Justice, dissenting. I agree with the majority that the word, "award," does not necessarily mean a decision allowing compensation, but that the term can also refer simply to a finding or order of the commission. However, I think the meaning of "award," in a particular instance, must be construed in accordance with the way it is used, *i.e.,* we must consider its relationship to the subject matter of the entire paragraph or section.

Sub-sections (e), (f) and (g) of Ark. Stat. Ann. § 81-1319 (Repl. 1960) all deal with the payment of compensation. Subsection (e) deals with payment of compensation without an "award," and the opening sentence reads as follows:

"If any instalment payable *without an award* [my emphasis] is not paid within fifteen (15) days***."
It is clearly obvious that this section is talking about the payment of money as compensation, and the phrase, "without an award," to me, clearly means where money is being paid without an order of the referee or commission first having been made. Subsection (f) reads as follows:

"If any instalment, payable under the terms of an award, is not paid within fifteen (15) days after it becomes due there shall be added to such unpaid instal-

ment an amount equal to twenty (20) per centum thereof, which shall be paid at the same time as, but in addition to, such instalment unless review of the compensation order making such award is had as provided in section 25 [§ 81-1325]."

This sub-section really requires no comment for it is obvious that the term, "award," as here used, refers to an order granting compensation.

Sub-section (g) is the sub-section mentioned in the majority opinion, and provides:

"Compensation shall bear interest at the legal rate from the day an award is made by either a Referee or the full Workmen's Compensation Commission, on all accrued and unpaid compensation."

These three sub-sections are successive paragraphs, and when read together, together with Sub-section (h),[1] I think, make it clear that the word, "award," refers to the granting of compensation benefits.

Though having no quarrel with the result reached, I am of the view that this is a matter requiring legislative action.

For the reasons enumerated, I respectfully dissent.

---

[1]Sub-section (h) provides that the employer shall, within thirty days after the final payment of compensation, send the commission a notice, including the information that such final payment has been made, the amount paid, the name of the person receiving compensation, the date of invoice, and the date to which compensation has been paid. Penalty is provided for failure of the employer to so notify the commission.