FRANK J. ROONEY, INC. and THE
TRAVELERS INSURANCE CO. *v.*
Lloyd D. PITTS

CA 79-317                                597 S.W. 2d 120

Court of Appeals of Arkansas
Opinion delivered March 26, 1980
Petition for review denied April 21, 1980
Released for publication April 23, 1980

912

*Jones, Gilbreath & Jones,* for appellants.

*Davis, Bassett, Cox & Wright,* for appellee.

MARIAN F. PENIX, Judge. This is a Workers' Compensation case.

In September 1975 the Claimant sustained wide-spread permanent brain damage due to anoxia secondary to a cardiac arrest resulting from an acute myocardial infarction. Since that time the Claimant has been confined to the hospital and it is anticipated he will remain so for the remainder of his life. Initially the Respondent controverted the claim. On August 23, 1976 the Administrative Law Judge Charles E. Davis found the claim compensable and awarded total and permanent disability benefits, medical expenses, past and future, with current medical totaling $45,251.05 and accumulating at about $2,500 per month. The Respondent appealed to the Commission and later dismissed the appeal. There was no specific medical bills placed in the record at the August 23 hearing.

Extensive correpondence took place between the counsel for the Claimant and Respondent Insurance Company concerning the unpaid medical expenses. At further hearing on November 29, 1976 it was determined the Respondent was liable for a 20% penalty on the unpaid medical expenses. At a January 17, 1977 hearing Judge Davis ruled the respondent could not question the reasonableness and necessity of medical expenses accumulated prior to the August 23, 1976 hearing. On February 3, 1977 Judge Davis

entered an order permitting Respondent to have a registered nurse view the Claimant's treatment for the purpose of determining the reasonableness and necessity of the type of medical treatment the Claimant was receiving. Another hearing on January 17, 1977, continued on March 31, 1977, concerned the reasonableness and necessity of the type medical treatment being received by the Claimant.

In January 1977 the Respondent paid the $19,182.15 bill owed to Washington Regional Medical Center but refused to pay the $44,726.20 bill owed Fayetteville City Hospital.

In an August 28, 1978 order by Administrative Law Judge Jay Tolley the Claimant was awarded a 20% penalty on the sum of $44,726.20 as reasonable and necessary medical expenses incurred. the Claimant's attorney was awarded a 10% fee on said penalty. On appeal to the full Commission the order was affirmed. The Circuit Court affirmed the Commission.

I

The Respondent appeals alleging error in the order directing the Respondent to pay a 20% penalty pursuant to Ark. Stat. Ann. § 81-1319(f). Respondent contends there had never been an "award".

The reasonableness and necessity of medical treatment is an issue to be determined by the Commission. The Respondent Insurance Company was being asked to pay a substantial amount of medical expenses in excess of $40,000 and entitled to a hearing and determination on the issue of reasonableness and necessity without being assessed a 20% penalty. The August 23, 1976 opinion did not deal with the exact amount of medical to be paid. The Respondent Company was never permitted to submit evidence to show the expenses at Fayetteville City Hospital were unnecessary and unreasonable. There has never been any evidence, nor decision, with reference to the reasonableness and necessity of the $44,726.20 bill. The lower court erred as a matter of law. The Respondent was ordered to pay a 20% penalty on medical expenses, the exact amount of which had never been awarded.

The statute § 81-1319(f) specifically requires there be an award:

> (f) If any installment, payable under the terms of an award, is not paid within 15 days after it becomes due there shall be added to such unpaid installment an amount equal to 20% thereof, which shall be paid . . .

The August 23, 1976 opinion held "Respondents are liable for all medical expenses incurred or to be incurred by the Claimant." After this opinion Respondent received a $77,152.66 bill. The bills had not been introduced at the August 23 hearing. This bill was compromised and paid on April 5, 1977. This was done without there ever having been an order directing the payment of a sum certain. At the August 8, 1978 hearing, the new Administrative Judge Jay Tolley, held the Respondent liable for a 20% penalty on a medical bill that had long been compromised and paid on April 5, 1977.

The medical bills were and are astronomical in this case. Of course the Respondent had a right to investigate the reasonableness and accuracy of them. Judge Tolley recognized that the August 23, 1976 order did not specify an exact amount of medical which must be paid. He therefore sought to tie it to Judge Davis' evidentiary ruling of January 17, 1977 which was oral. The January 17 ruling was not an order nor an award, and an appeal could not be taken from it. Neither Judge Tolley nor the full Commission nor the Court below has heard the Respondent's arguments and evidence with reference to the disputed bill.

The Claimant and Fayetteville City Hospital could have submitted their bills to the Commission for approval pursuant to § 81-1311. Instead they sent over $70,000 in bills to Respondent directly. The Respondent was prohibited by Judge Davis from showing the medical treatment and expenses at Fayetteville City Hospital were unreasonable and unnecessary.

Judge Tolley recognized Judge Davis' error:

There simply was no proof as of August 23, 1976, as to the amount of medical involved. The amount of medical involved was only known after the August 23, 1976 opinion .. It thus became encumbent on the claimant if he were to have a second hearing to determine the exact amount of the responsibility of the respondents for the medical.

Judge Tolley's error was stating "This was accomplished as a result of the January 17, 1977 hearing." This is error. How could an evidentiary ruling — which prohibited introduction of evidence on the issue — constitute a decision that $44,726.20 was reasonable? A $8,945.24 penalty has been imposed against Respondent without allowing Respondent to be heard. Applying the 20% penalty was error. There was no award which Respondent refused to pay.

## II

Respondent contends error in applying § 81-1319(f) to an unpaid medical.

The Claimant attempts to distinguish our holding in *Turner* v. *Trade Winds Inn,* 267 Ark. 219 (1979) by stating it is a narrow holding pertaining only to subsection 81-1319(e). While the language in turn does specifically relate only to subsection (e) the philosophy which interpreted § (e) also applies to subsection (f). We find the philosophy expressed in *Turner,* supra, to be controlling.

On March 5, 1980, this court in *Model Laundry & Dry Cleaning & Sentry Insurance Co.* v. *Gary D. Simmons,* 268 Ark. 770, 596 S.W. 2d 337 (Ark. App. 1980), held:

> . . . imposition of the penalty would raise a question to whom it should be paid.
> . . . we, by looking to the statutory langauge can see the general assembly would not have made the penalty applicable only to installments had it intended it to apply to the other payments as well.
> We hold that the reference in § 81-1319(f) to 'install-

ment, payable under the terms of the award' does not include medical and legal expenses.

We hold that the penalty provision of § 81-1319(f) applies only to disability benefits and has no application to medical bills.

### III

The Respondent urges *Aluminum Co. of America* v. *Henning,* 260 Ark. 699, 543 S.W. 2d 480 (1976) requires a reversal on the award of maximum attorney's fees to Claimant's attorney. The Respondent interprets *Henning,* supra, as requiring an evidentiary hearing to determine whether maximum fees are warranted. We do not find this to be the correct interpretation of *Henning.* An evidentiary hearing is necessary only when the record indicates a bare minimum of services was provided. In the instant case the transcript alone is comprised of six volumes. There were five intense hearings and voluminous correspondence. The record hardly indicates a bare minimum of services. There is substantial evidence to support the Commission's award of maximum attorney's fees. Therefore, we must affirm on this point.

The 20% penalty award is reversed.

We affirm the award of attorney's fees.

HOWARD, J., dissents as to the 20% penalty award.