PATRICIA BLIZZARD, ALSO KNOWN AS PATRICIA EISENACH, WIDOW OF DENNY E. BLIZZARD, ET AL., APPELLANTS, V. CHRISMAN'S CASH REGISTER CO., DOING BUSINESS AS DATA SYSTEMS, INC., APPELLEE.

623 N.W. 2d 655

Filed March 23, 2001.   No. S-99-1118.

Steven J. Riekes, of Marks, Clare & Richards, P.C., for appellants.

Patrick B. Donahue, of Cassem, Tierney, Adams, Gotch & Douglas, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MCCORMACK, J.

### NATURE OF CASE

This is a workers' compensation case tried on stipulated facts. Appellants include Patricia Blizzard, also known as Patricia Eisenach, widow of Denny E. Blizzard; Andrea Kay Blizzard; and Harold M. Zabin, assignee of the law firm of Richards, Riekes, Brown & Zabin, P.C. Appellants claim that appellee, Chrisman's Cash Register Co., through its workers' compensation insurer, Travelers Insurance Company (Travelers), which voluntarily paid to Patricia's daughter, Andrea, the sum of $44,304 as a 50-percent penalty, should have paid one-third of that amount to Patricia's attorney, Zabin. Appellants also claim that the trial court should have awarded Zabin a statutory attorney fee award under Neb. Rev. Stat. § 48-125 (Reissue 1998) because of late payments by Travelers and, further, that the trial court should have awarded appellants interest on the late payments. The trial court awarded Zabin a share of the penalties that Travelers voluntarily paid to the beneficiary, but denied Zabin's application for a statutory award of attorney fees and interest. The Nebraska Workers' Compensation Court review panel reversed the trial court's award and ruled that Zabin was not entitled to a one-third share of the penalties voluntarily paid by Travelers in the form of attorney fees. The review panel also ruled that Zabin was not entitled to a statutory award of attorney fees and that Patricia was not entitled to interest on the amount paid as a penalty. Appellants filed an appeal to the Nebraska

Court of Appeals, which affirmed the review panel's decision. See *Blizzard v. Chrisman's Cash Register Co.*, No. A-99-1118, 2000 WL 1207130 (Neb. App. Aug. 22, 2000) (not designated for permanent publication). Appellants now petition for further review, which this court granted.

## BACKGROUND

Patricia is the surviving widow of Denny, who was killed in an automobile accident while in the course of his employment with Chrisman's Cash Register. Co. In 1986, Patricia remarried, and Travelers paid to Patricia the appropriate remarriage benefits; those benefits are not at issue here. Upon Patricia's remarriage, Travelers should have begun paying Andrea increased benefits of $120 per week and should have continued to pay Zabin $60 per week. However, due to an unintentional mistake made by Travelers, Travelers continued to pay Andrea only $24 per week rather than the $120 to which she was entitled, and it did not make any further weekly payments to Zabin. This mistake continued for 568 weeks from November 29, 1986, to November 13, 1997, without any complaint by Andrea or Zabin.

In November 1997, a representative of Travelers discovered the underpayment of benefits and informed Andrea and Zabin of the mistake. The record reflects that neither Andrea nor Zabin had made any complaints, nor did they take any action regarding the underpayment of the benefits before they were notified by Travelers. On November 14, Travelers, of its own volition, began paying Andrea benefits of $120 per week and Zabin $60 per week, the correct amounts of the benefits.

On December 8, 1997, Travelers paid Andrea $54,528 and paid Zabin $34,080, which were the amounts of the underpay-. ment of benefits for the 568 weeks. In addition, Travelers also voluntarily paid Andrea a 50-percent waiting-time penalty in the amount of $44,304 for the unintentional delay in the payment of the benefits. The stipulated facts further reflect that no legal services were provided by Zabin to Andrea and that no proceedings were held before the compensation court in order to recover these amounts from Travelers.

On June 4, 1998, Zabin, naming himself as a plaintiff along with Patricia and Andrea, his client beneficiaries, filed a petition

in the compensation court alleging that he was entitled to be paid a 50-percent waiting-time penalty on the $34,080 voluntarily paid to him and further alleging that there were unpaid interest and penalties due and owing to Patricia, Andrea, and Zabin.

On December 3, 1998, the trial court entered an order awarding Zabin an attorney fee in the amount of $14,768, an amount equal to a one-third share of the waiting-time penalty voluntarily paid to Andrea and enforcing a lien in this amount to be offset by the future payment of weekly indemnity benefits to Andrea. The trial court, however, refused to award any other attorney fees or interest, finding that "[t]here is no attorney fee due and owing as there were no 'proce[e]dings held' nor award or judgment" and because no legal services had been provided to Andrea to recover the penalty voluntarily paid to her.

An application for review was filed, and the review panel reversed those portions of the trial court's order awarding Zabin an attorney fee, finding as follows:

> [T]he trial court found that [Zabin] provided no legal services to [Andrea] as none were required in recovering the 50 percent penalty amount paid voluntarily to [Andrea]. It is also uncontradicted that the same was true with respect to Travelers' payment of the delinquent indemnity amount, a significant portion of which Travelers paid directly to [Zabin], representing the full payment of the one-third (1/3) fee amount on all benefits payable to [Andrea] for the relevant time period.

The Court of Appeals noted that the only issue appealed is the review panel's determination that Zabin is not entitled to a statutory award of attorney fees and interest for bringing this matter before the compensation court. The Court of Appeals held that in considering the award of attorney fees for bringing this action, the review panel held that " '[a]n award of such a fee would constitute nothing more than a windfall to [Zabin],' " *Blizzard v. Chrisman's Cash Register Co.*, No. A-99-1118, 2000 WL 1207130 at *3 (Neb. App. Aug. 22, 2000) (not designated for permanent publication), and stated that Zabin may not create work for himself by filing a petition for attorney fees in the compensation court and then argue that the work done to prepare for trial of the case constitutes the sole basis for an award of a fee

because such work adds nothing to any benefits Andrea had already received. The Court of Appeals agreed with the review panel that an award of attorney fees for bringing this action would be contrary to the statutory authority of § 48-125(1) when no attorney services were provided and no court proceedings were held to recover the delayed benefits or the waiting-time penalty. The Court of Appeals further determined that an award of attorney fees for bringing this action would be contrary to § 48-125(1) when this proceeding stemmed from the same delinquent payments and waiting-time penalty.

## ASSIGNMENTS OF ERROR

Appellants assign, restated, that the Court of Appeals erred in not awarding (1) attorney fees for the $44,304 penalty amount and (2) interest payments for the total underpayment ($88,608) during the 568 weeks.

## STANDARD OF REVIEW

An appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Ramsey v. State*, 259 Neb. 176, 609 N.W.2d 18 (2000); *Owen v. American Hydraulics*, 258 Neb. 881, 606 N.W.2d 470 (2000).

## ANALYSIS

The central issue in this case is whether a party may recover interest on late payments pursuant to § 48-125(2) where there has been no award of attorney fees pursuant to that section. The review panel and the Court of Appeals did not award an attorney fee from the $44,304 penalty amount, holding that Zabin provided no legal services in recovering the 50-percent penalty amount because it was voluntarily paid. Therefore, because there was no award of an attorney fee, the wording of § 48-125(2) prevents appellants from receiving interest for the amount of the late payments.

The pertinent part of § 48-125 states:

[W]hen the employer neglects to pay compensation for thirty days after injury . . . and proceedings are held before the Nebraska Workers' Compensation Court, a reasonable attorney's fee shall be allowed the employee by the compensation court in all cases when the employee receives an award. . . .

(2) When an attorney's fee is allowed pursuant to this section, there shall further be assessed against the employer an amount of interest on the final award obtained . . . .

## ATTORNEY FEES

We agree with the reasoning of the Court of Appeals that § 48-125(1) does not provide for an award of attorney fees where no court proceedings were held.

Other jurisdictions have defined "award" as it pertains to compensation cases. The Superior Court of Delaware has defined the word "award" to mean "compensation received as a result of a formal hearing and presentation before the Industrial Accident Board, and does not include compensation paid under a voluntary agreement between employer and employee." *Anderson v. Wheeler Construction,* 267 A.2d 616, 617 (Del. Super. 1970). See, also, *Kelly v. J & J Corp.,* 447 A.2d 427 (Del. Super. 1982). The Supreme Court of Arkansas has defined "award" under its compensation statutes to mean "any deicision [sic] by a referee or the Commission, whether favorable to the claimant or not." *Clemons v. Bearden Lumber Company,* 240 Ark. 571, 575, 401 S.W.2d 16, 19 (1966).

We conclude that the voluntary payment by Travelers and acceptance by appellants is not an award of compensation to appellants under § 48-125(1). No proceeding took place before the compensation court where an employee received an award under § 48-125(1). Because the employee did not receive an award in a proceeding before the compensation court, attorney fees cannot be awarded under § 48-125(1).

## INTEREST

The Court of Appeals determined that under § 48-125(2), interest can be awarded only wherein an award of an attorney fee has been made.

In *Koterzina v. Copple Chevrolet*, 249 Neb. 158, 164, 542 N.W.2d 696, 701 (1996), dealing solely with the interest issue, this court held that "[i]n order to receive interest under § 48-125(2), compensation and attorney fees must be assessed against the same employer under § 48-125(1)."

We agree with the Court of Appeals that § 48-125(2) will not allow the award of interest to appellants in this case. We note, however, there is no logical connection between attorney fees and interest to the claimant other than that § 48-125(2) requires this nexus. It is not within the province of a court to read a meaning into a statute that is not warranted by the legislative language; neither is it within the province of a court to read anything plain, direct, and unambiguous out of a statute. *Central States Found. v. Balka*, 256 Neb. 369, 590 N.W.2d 832 (1999); *Neb. Account. & Disc. v. Citizens for Resp. Judges*, 256 Neb. 95, 588 N.W.2d 807 (1999).

Whether interest payments for the late payment situation mentioned in § 48-125 should be a separate issue from whether an attorney fee is awarded is a question for the Legislature, not for this court. The unequivocal language of § 48-125 clearly reads that an award of attorney fees is a prerequisite before interest on the compensation amount due to a claimant may be awarded under § 48-125(2). See, *Koterzina v. Copple Chevrolet, supra*; *Sherard v. State*, 244 Neb. 743, 509 N.W.2d 194 (1993).

We conclude that appellants are precluded from receiving an interest award on the late payments made by Travelers.

## CONCLUSION

For the reasons stated in this opinion, we affirm the decision of the Court of Appeals which, in turn, affirmed the judgment of the review panel.

AFFIRMED.